IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| | § | CASE NO. 1:21-CR-00007-2-TH |
| v. | § § | |
| | § § | |
| BLAKE ANDREW SIMMONS | § § | |

**<u>FINDINGS OF FACT AND RECOMMENDATION ON GUILTY PLEA
BEFORE THE UNITED STATES MAGISTRATE JUDGE</u>**

By order of the District Court, this matter is referred to the undersigned United States Magistrate Judge for administration of the guilty plea under Rule 11. Magistrate judges have the statutory authority to conduct a felony guilty plea proceeding as an "additional duty" pursuant to 28 U.S.C. § 636(b)(3). *United States v. Bolivar-Munoz*, 313 F.3d 253, 255 (5th Cir. 2002).

On May 19, 2021, this case came before the undersigned magistrate judge for entry of a guilty plea by the Defendant, Blake Andrew Simmons, to Counts One and Two of the Indictment. Count One alleges that on or about April 16, 2020, in the Eastern District of Texas, Blake Andrew Simmons, the Defendant, and another co-defendant, did knowingly and intentionally possess with intent to distribute 50 grams or more of a Schedule II controlled substance, namely: fifty (50) grams of more of methamphetamine (actual), all in violation of 21 U.S.C. § 841(a)(1)—Possession with the Intent to Distribute or Dispense Methamphetamine.

Count Two alleges that from on or about April 16, 2020, the exact dates being unknown to the grand jury, in the Eastern District of Texas and elsewhere, Blake Andrew Simmons, the Defendant, and another co-defendant, aiding and abetting each other and others known and unknown, knowingly and intentionally conspired and agreed with each other, and with persons

1

known and unknown to the Grand Jury, to distribute and to possess with the intent to distribute ·a mixture or substance containing a detectable amount of a Schedule II controlled substance, namely: fifty (50) grams of more of methamphetamine (actual), in violation of 21 U.S.C. § 841(a)(l), all in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2—Conspiracy to Possess with the Intent to Distribute and Distribution of a Controlled Substance Methamphetamine.

The Defendant entered a plea of guilty to Counts One and Two of the Indictment into the record at the hearing. After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11, the undersigned finds:

    a.    That the Defendant, after consultation with his attorney, has knowingly, freely and voluntarily consented to the administration of the guilty plea in this case by a United States Magistrate Judge in the Eastern District of Texas, subject to a final approval and imposition of sentence by the District Court.

    b.    That the Defendant is fully competent and capable of entering an informed plea, that the Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is made freely, knowingly, and voluntarily. Upon addressing the Defendant personally in open court, the undersigned determines that the Defendant's plea is knowing and voluntary and did not result from force, threats or promises (other than the promises set forth in the plea agreement). *See* FED. R. CRIM. P. 11(b)(2).

    c.    That the Defendant's knowing and voluntary plea is supported by an independent factual basis establishing each of the essential elements of the offense and the Defendant realizes that his conduct falls within the definition of the crimes charged under 21 U.S.C. § 841(a)(1)—Possession with the Intent to Distribute or Dispense Methamphetamine and 21 U.S.C. § 846 and

18 U.S.C. § 2—Conspiracy to Possess with the Intent to Distribute and Distribution of a Controlled Substance Methamphetamine.

## STATEMENT OF REASONS

As factual support for the Defendant's guilty plea, the Government proffered evidence of the Defendant's guilt that it would have proven had this case gone to trial. In support, the Government would prove that the Defendant is the same person charged in the Indictment, and that the events described in the Indictment occurred in the Eastern District of Texas. The Government would also have proven, beyond a reasonable doubt, each and every essential element of the offenses as alleged in Counts One and Two of the Indictment through the testimony of witnesses, including expert witnesses, and admissible exhibits. In support of the Defendant's plea, the undersigned incorporates the proffer of evidence described in detail at the hearing on the Defendant's plea and the Defendant's admissions made in open court in response to the undersigned's further inquiry into the facts supporting the Government's case.

The Defendant agreed with and stipulated to the evidence presented. Counsel for the Defendant and the Government attested to the Defendant's competency and capability to enter an informed plea of guilty. The Defendant agreed with the evidence presented by the Government and personally testified that he was entering the guilty plea knowingly, freely and voluntarily.

## RECOMMENDED DISPOSITION

**IT IS THEREFORE** the recommendation of the undersigned United States Magistrate Judge that the District Court accept the Guilty Plea of the Defendant, which the undersigned determines to be supported by an independent factual basis establishing each of the essential elements of the offense charged in Counts One and Two of the Indictment. Accordingly, it is further recommended that the District Court finally adjudge the Defendant, Blake Andrew

Simmons, guilty of the charged offenses under 21 U.S.C. § 841(a)(1)—Possession with the Intent to Distribute or Dispense Methamphetamine and 21 U.S.C. § 846 and 18 U.S.C. § 2—Conspiracy to Possess with the Intent to Distribute and Distribution of a Controlled Substance Methamphetamine.

## **OBJECTIONS**

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation. Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen (14) days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(2); E.D. TEX. CRIM. R. CR-59(b). A party who objects to this Report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States District Judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

SIGNED this 19th day of May, 2021.

_____
Zack Hawthorn
United States Magistrate Judge